FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 26, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JENNIFER JAYLEE,

          Plaintiff,

    v.

JEFFREY F. SUTTON and WENDY Y. SUTTON,

          Defendants.

No. 4:24-cv-05008-MKD

ORDER DISMISSING ACTION FOR LACK OF VENUE AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*

Jennifer Jaylee, a prisoner at the Washington State Penitentiary, brings this *pro se* civil rights action for damages and injunctive relief against Plaintiff's brother and sister-in-law, who reside in Florida. ECF No. 1. Plaintiff identifies as the "Founder/Owner of the Independent Podcast News Network, 'From Inside Out Network' (FION)[.]" *Id.* at 1, 3. Plaintiff seeks leave to proceed *in forma pauperis.* ECF Nos. 2, 6.

1    Plaintiff requests an "emergency hearing" on January 26, 2024, to "prevent

2  any further harm to Plaintiff's character, and to prevent any further harm to the

3  FION brand, along with preventing any further harm to the reputation/characters of

4  the volunteers who work for FION." ECF No. 1 at 1-2.  Plaintiff seeks to enjoin

5  Defendants "from further use of the online YouTube/Podcast Channel, 'From Inside

6  Out Network' (FION), or representing FION in any capacity as an

7  owner/employee/host/manager, etc." *Id.* at 2.  Plaintiff also seeks to enjoin

8  "'defamatory' comments made against Plaintiff's character online, and the online

9  publishing of 'defamatory' comments about the many volunteers, and human rights

10  advocates who represent FION." *Id.*

11    Plaintiff has filed a separate "Motion for a Preliminary Injunction, and Motion

12  for an Emergency Show Cause Hearing with Brief in Support.  Pursuant to Fed. Rule

13  Civ. P. 65." ECF No. 4.  On January 18, 2024, Plaintiff filed a "Motion for Court

14  Ordered Seizure of Plaintiff's Electronic Equipment Held in the Possession of

15  Defendants," ECF No. 7, noted for hearing on February 12, 2024.

16    In this latest motion, Plaintiff asks the Court to order the U.S. Marshal to

17  travel to the State of Florida "for the purpose of 'seizing Plaintiff's podcast

18  equipment'," held in a backyard guesthouse of a rented property in Pensacola,

19  Florida. *Id.* at 6.  Plaintiff claims to have helped the brother and sister-in-law

20  financially, using funds from a trust fund account managed by Plaintiff's attorney.

ORDER DISMSISING ACTION FOR LACK OF VENUE AND DENYING
LEAVE TO PROCEED *IN FORMA PAUPERIS* - 2

*Id.* at 9-10.  Plaintiff indicates that fund now has a negative balance of almost $25,000.00.  ECF No. 7-2 at 4.  Plaintiff states that $31,940 was expended on the brother and sister-in-law, including funds for podcast equipment.  *Id.* at 5-10.  Plaintiff contends that the brother had requested more money than was needed to purchase equipment.  *Id.* at 6-7.  Plaintiff fears the brother will destroy or "secret away" the equipment when he learns of litigation being brought against him.  *Id.* at 10-11.

In the first motion, Plaintiff claims to be the "Owner and Founder" of the "'domain name' From Inside To Outside.com"; (2) who "hired" Plaintiff's biological brother to "volunteer his time to host a weekly podcase show, which is associated with, and owned by Plaintiff on her website, using the same 'domain name' above"; (3) complaints were made regarding the brother's behaviors while "hosting the podcast on YouTube, also streaming live on TikTok" and due to his failure to provide an adequate explanation, he was "fired from his volunteer employment," but; (4) the brother persisted and "began to post, and publish online rants, while falsely representing the FION 'From Inside Out Network' brand, which are solely owned by Plaintiff on her website, and on her 'domain name.'"  ECF No. 4 at 1-3.  Plaintiff complains that there is no "accountability" for the brother's "disrespectful/dishonest" online actions, and his online behavior perpetrates

ORDER DISMSSING ACTION FOR LACK OF VENUE AND DENYING
LEAVE TO PROCEED *IN FORMA PAUPERIS* - 3

1 "numerous forms of harm, to numerous people, and to Plaintiff, without any

2 remorse/sorrow exhibited." *Id.* at 3.

3      Plaintiff asks the Court to issue an injunction under Fed. R. Civ. P. 65, to

4 "prevent any further harm to Plaintiff, or to her FION brand, or 'domain

5 name/website.'" *Id*. at 1, 3. Specifically, Plaintiff wants "continued rants, and

6 'defamation of Plaintiff's character'" to be stopped and to prevent "further 'theft of

7 Plaintiff's valuable brand, domain name, and all related business

8 property/finances[.]'" *Id.* at 5. Plaintiff seeks to stop "harm" to "Plaintiff's

9 character/reputation online," and to stop "'fraud' against Plaintiff's domain name,

10 and FION brand, along with many other economic, and emotional harms." *Id*. at 6

11 (as written in original). Plaintiff asks the Court to "pause all Defendants activities."

12 *Id.* at 7.

13      Plaintiff claims that "Defendants have 'falsely claimed ownership of the

14 domain name/website actually owned by Plaintiff.'" *Id.* Plaintiff also claims the

15 brother has "gone online, and 'defamed the good character of Plaintiff,' thereby

16 'destroying the FION brand,' and 'tarnishing the business reputation that FION had,'

17 which ended the FION dream, and took Plaintiff's intellectual property from her

18 without any due process of law afforded to her." *Id.*

19      Plaintiff asserts claims under the First Amendment, ECF No. 1 at 26-27. Yet,

20 claims of First Amendment violations can only be brought against state actors, not

ORDER DISMSSING ACTION FOR LACK OF VENUE AND DENYING
LEAVE TO PROCEED *IN FORMA PAUPERIS* - 4

1    private individuals.  *See, e.g., Fed. Agency of News LLC v. Facebook, Inc.,* 432 F.

2    Supp. 3d 1107, 1116, 2020 WL 137154 (N.D. Cal. 2020) ("the First Amendment

3    only applies to state actors or private entities whose actions amount to state action.").

4        Plaintiff also asserts claims of due process violations under the Fourteenth

5    Amendment.  ECF No. 1 at 27-28.  The Due Process Clause of the Fourteenth

6    Amendment confers both procedural and substantive rights.  *See Armendariz v.*

7    *Penman*, 75 F.3d 1311, 1318 (9th Cir. 1996). A § 1983 claim based upon procedural

8    due process has three elements: (1) a liberty or property interest protected by the

9    Constitution; (2) a deprivation of the interest by the government; and (3) lack of

10    process.  *Portman v. County of Santa Clara,* 995 F.2d 898 (9th Cir. 1993).  The

11    substantive component of the Due Process Clause protects individuals from the

12    arbitrary deprivation of their liberty by government.  *County of Sacramento v. Lewis*,

13    523 U.S. 833, 845-49 (1998).  Plaintiff alleges no governmental misconduct.

14        In addition, Plaintiff asserts claims of fraud, defamation, and "cyberpiracy,"

15    against a brother and sister-in-law residing in Florida.  ECF No. 1 at 29-36.  The

16    Court is not persuaded that it has jurisdiction over Plaintiff's claims, let alone over

17    named Defendants or property located in Florida.  In any event, venue is clearly not

18    proper in the Eastern District of Washington.

19

20

ORDER DISMSISING ACTION FOR LACK OF VENUE AND DENYING
LEAVE TO PROCEED *IN FORMA PAUPERIS* - 5

1    Plaintiff argues that venue is proper in this District because all of the "acts

2    complained of (as alleged), took place while Plaintiff was/is residing in the Eastern

3    District of Washington." *Id.* at 3.  Plaintiff misapprehends venue.

4    Venue may be raised by the Court *sua sponte* where the defendant has not

5    filed a responsive pleading and the time for doing so has not run.  *See Costlow v.*

6    *Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).  "[I]n most instances, the purpose of

7    statutorily defined venue is to protect the defendant against the risk that a plaintiff

8    will select an unfair or inconvenient place of trial."  *Leroy v. Great W. United Corp.,*

9    443 U.S. 173, 183-84 (1979).

10    Venue is proper in (1) the district in which any defendant resides, if all of the

11    defendants reside in the same state; (2) the district in which a substantial part of the

12    events or omissions giving rise to the claim occurred, or a substantial part of the

13    property that is the subject of the action is situated; or (3) a judicial district in which

14    any defendant may be found, if there is no district in which the action may otherwise

15    be brought. 28 U.S.C. § 1391(b).  When venue is improper, the district court has the

16    discretion to either dismiss the case or transfer it "in the interest of justice."  28

17    U.S.C. § 1406(a).

18    Here, Plaintiff states that Defendants reside in Florida.  ECF No. 1 at 2.

19    Plaintiff presents no facts indicating that any events giving rise to claims of fraud

20    and defamation occurred in the Eastern District of Washington.  Furthermore, all

ORDER DISMSISING ACTION FOR LACK OF VENUE AND DENYING
LEAVE TO PROCEED *IN FORMA PAUPERIS* - 6

1 property over which Plaintiff is claiming an interest is located in the State of Florida.

2 Therefore, venue is not proper in the Eastern District of Washington under 28 U.S.C.

3 § 1391(b).

4      Because Plaintiff has not stated viable constitutional claims against

5 governmental actors, the Court finds that dismissing the action without prejudice,

6 rather than transferring this case to another forum in Florida, is appropriate.  *See* 28

7 U.S.C. § 1406(a).  A review of Plaintiff's subsequently filed "Declaration in Support

8 of the Complaint," ECF No. 8, and "Judicial Notice to the Court, and to all

9 Defendants," ECF No. 9, received on January 25, 2024, does not alter this finding.

10      The Court has not granted Plaintiff's application to proceed in forma pauperis.

11 Therefore, there is no present obligation to pay the filing fee in this District under

12 the Prison Litigation Reform Act.

13      Accordingly, **IT IS HEREBY ORDERED**:

14      1.      This action is **DISMSSED without prejudice** for lack of venue.

15      2.      Plaintiff's application to proceed *in forma pauperis,* **ECF No. 2**, is

16 **DENIED as moot.**

17      3.      The Court certifies that any appeal of this Order would not be taken in

18 good faith and would lack any arguable basis in law or fact.

19

20

ORDER DISMSSISING ACTION FOR LACK OF VENUE AND DENYING
LEAVE TO PROCEED *IN FORMA PAUPERIS* - 7

1

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this

2   Order, enter judgment, provide copies to Plaintiff, and **CLOSE** the file.

3       **DATED** January 26, 2024.

4

5                          *s/Mary K. Dimke*
                           MARY K. DIMKE
6                   UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER DISMSISING ACTION FOR LACK OF VENUE AND DENYING
LEAVE TO PROCEED *IN FORMA PAUPERIS* - 8